**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**YAM BAHADUR KHATRI** **PETITIONER**

**V.** **Civil Case No. 5:26-cv-00345-DCB-BWR**

**RAFAEL VERGARA** **RESPONDENT**

# REPORT AND RECOMMENDATION

Petitioner Yam Bahadur Khatri ("Petitioner"), a native and citizen of Nepal, filed his pro se Petition [1] for writ of habeas corpus under 28 U.S.C. § 2241 in April 2026, challenging the length of his detention under 8 U.S.C. § 1231(a)(6) and seeking his immediate release from Immigration and Customs Enforcement's ("ICE") detention. Having considered the Petition [1] and Memorandum [2], Response [7], and relevant law, it is recommended that the Petition be dismissed without prejudice because Petitioner's post-removal-period detention claim is premature under the framework set forth in *Zadvydas v. Davis,* 533 U.S. 678 (2001).

## I. BACKGROUND

Petitioner entered the United States illegally on September 23, 2024, and was detained by ICE's Enforcement and Removal Operations. Pet. [1] at 4; ICE Decl. [7-1] at 1. On December 3, 2025, an immigration judge ordered that Petitioner be removed from the United States to Nepal. *Id.* Petitioner appealed to the Board of Immigration Appeals ("BIA"), and the BIA dismissed his appeal on February 4, 2026. Pet. [1] at 5; ICE Decl. [7-1] at 2.

On March 26, 2026, the Petitioner was served with Notice to Alien of Interview

for Review of Custody Status and Form I-229(a), Warning for Failure to Depart. ICE Decl. [7-1] at 2. On April 9, 2026, the Petitioner refused to complete the application for a travel document to Nepal. *Id*. Respondent submits that ERO is actively working with the embassy of Nepal to secure a travel document to facilitate Petitioner's removal. *Id*.

## II. DISCUSSION

28 U.S.C. § 2241 confers federal district courts "within their respective jurisdictions" the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241. The writ of habeas corpus is "available to every individual detained within the United States," including noncitizens. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).

"A district court has subject matter jurisdiction to hear an alien's Section 2241 petition challenging the lawfulness of his or her detention." *Wekesa v. United States Att'y*, No. 22-10260, 2022 WL 17175818, at *1 (5th Cir. Nov. 22, 2022); *see also Demore v. Kim,* 538 U.S. 510, 517 (2003) ("Section 1226(e) contains no explicit provision barring habeas review, and we think that its clear text does not bar respondent's constitutional challenge to the legislation authorizing his detention without bail."); *Imran v. Harper,* No. 25-30370, 2026 WL 93131, *1 (5th Cir. Jan. 13, 2026) ("[D]istrict courts have subject-matter jurisdiction to review § 2241 petitions challenging the lawfulness of a noncitizen's detention . . . .").

Petitioner's detention is governed by 8 U.S.C. § 1231, which provides that "the Attorney General shall remove the alien from the United States within a period of 90 days (. . . referred to as the 'removal period')[,]" during which time the alien shall be detained. 8 U.S.C. § 1231(a)(1)(A), (a)(2). "After that time elapses, however, § 1231(a)(6) provides only that certain aliens '*may* be detained' while efforts to complete removal continue." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (emphasis in original).

In *Zadvydas,* the Supreme Court applied the doctrine of constitutional avoidance and construed § 1231(a)(6) to mean that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." 533 U.S. at 699. "*Zadvydas* then concluded that six months was a presumptively reasonable period of detention, beyond the removal period, in which to effectuate deportation." *Tran v. Mukasey*, 515 F.3d 478, 482 (5th Cir. 2008) (citing *Zadvydas,* 533 U.S. at 702). "After that, the Court concluded, if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien." *Jennings,* 583 U.S. at 299 (quoting *Zadvydas,* 533 U.S. at 701). "This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Petitioner's removal order became administratively final on February 4, 2026, when the BIA dismissed his appeal. *See* 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals . . . .").

The 90-day removal period expired on May 5, 2026. The six-month period of presumptively valid detention following the removal period will not expire until November 5, 2026. "Although [the 90-day removal period] has expired, [Petitioner] has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas.* Consequently, any challenge to his continued post-removal-order detention is premature." *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011); *see Zadvydas,* 533 U.S. at 701 ("*After this 6-month period*, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.") (emphasis added); *Andrade v. Gonzales,* 459 F.3d 538, 543 (5th Cir. 2006) ("*Zadvydas* thus created a '6-month presumption' of the validity of detention under § 1231, *after which* an alien could attack the reasonableness of his continued detention.") (emphasis added).

## III. RECOMMENDATION

It is recommended that the Petition [1] be denied and dismissed without prejudice because Petitioner's post-removal-period detention claim is premature

under the framework set forth in *Zadvydas*.

## IV. NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

**SIGNED,** this 24th day of July, 2026.

s/ *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE